1  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, California  94025
   Telephone:  +1-650-614-7400
4  Facsimile:   +1-650-614-7401

5

6  JINNIFER D. PITCHER (STATE BAR NO. 252880)
   jpitcher@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall
8  Suite 3000
   Sacramento, California  95814-4497
9  Telephone:  +1-916-447-9200
   Facsimile:   +1-916-329-4900

10
   Attorneys for Defendant
11 SEARS, ROEBUCK AND CO.

12

13                UNITED STATES DISTRICT COURT

14             SOUTHERN DISTRICT OF CALIFORNIA

15

16 | FELIPA VALENCIA VELAZQUEZ, an | Case No. **'13 CV 0680 LAB  JMA** |
   | individual, and on behalf of all others |  |
17 | similarly situated, | <u>CLASS ACTION</u> |
18 |              Plaintiff, | **DEFENDANT SEARS,** |
   |  | **ROEBUCK AND CO.'S** |
19 |          v. | **NOTICE OF REMOVAL** |
20 | SEARS, ROEBUCK AND CO., a New |  |
   | York Corporation; SEARS FULL LINE |  |
21 | STORES, an unknown business entity; |  |
   | and DOES 1 through 50, inclusive, |  |
22 |  |  |
   |              Defendants. |  |
23

24

25

26

27

28

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Sears, Roebuck and Co. ("Sears") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of San Diego, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1.      On December 10, 2012, Plaintiff Felipa Valencia Velazquez, individually and purportedly on behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the County of San Diego, entitled "Felipa Valencia Velazquez, an individual, and on behalf of all others similarly situated, Plaintiff, v. Sears, Roebuck and Co., a New York Corporation; Sears Full Line Stores, an unknown business entity; and Does 1 through 50, inclusive, Defendants" No. 37-2012-00087442-CU-OE-CTL (the "Action").  The allegations of the Complaint are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2.      The Complaint purports to assert four class-wide claims for relief against Sears, alleging causes of action based upon the Plaintiff's employment relationship.  The Complaint alleges class-wide causes of action for violations of the California Labor Code and the unfair and unlawful business practices statutes of California Business and Professions Code section 17200 *et seq.*, and seeks relief in the form of alleged restitution, wages, penalties under the Labor Code and Industrial Welfare Commission ("IWC") Orders, injunctive relief, declaratory relief, and attorneys' fees and costs associated with this action.

3.      The Complaint names Defendant Sears, Roebuck and Co., a non-California corporation with its principal place of business in Illinois.

1   Defendant is not aware of a business entity named "Sears Full Line Stores" and
2   alleges that there is no such business entity.  Defendant is informed and believes
3   there have been no other defendants named in this case.

4            4.      Sears's agent for service of process was served with the
5   Summons and Complaint and other papers on February 19, 2013.  The Summons
6   and Complaint are attached hereto together with all other pleadings, process and
7   orders served on Defendant as **Exhibit A**.  On March 19, 2013, Defendant
8   answered the Complaint in state court.  Attached as **Exhibit B** is a true and correct
9   copy of the answer filed in state court.  This Notice of Removal is timely as it is
10  filed within thirty days of the first receipt by a defendant of a copy of the Summons
11  and Complaint in this matter.  28 U.S.C. § 1446(b).

12                  **CLASS ACTION FAIRNESS ACT**

13           5.      Sears removes this action based upon the Class Action Fairness
14  Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d).  This Court has original
15  jurisdiction of this action under § 1332(d)(2).  As set forth below, this action is
16  removable pursuant to 28 U.S.C. § 1441(a) as it is a proposed class action in which
17  at least one class member is a citizen of a state different from that of any one
18  defendant, the proposed class exceeds 100 members, and the amount in controversy
19  exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).
20  Further, no defendant identified in the Complaint is a state, officer of a state, or a
21  governmental agency.  28 U.S.C. § 1332(d)(5).

22                    **Diversity of Citizenship**

23           6.      Plaintiff's Citizenship.  Plaintiff alleges that she is a resident of
24  San Diego County, California.  Complaint ¶ 4.  For diversity purposes, a person is a
25  "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley*
26  *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie*
27  evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520
28  (10th Cir. 1994).  Sears therefore alleges that Plaintiff is a citizen of California.

DEFENDANT SEARS, ROEBUCK AND CO.'S
NOTICE OF REMOVAL

7.     <u>Citizenship Of Members Of Proposed Plaintiff Class</u>.  Plaintiff alleges that the proposed class consists only of persons currently or formerly employed within the State of California.  Complaint ¶ 20.  On that basis, Sears alleges that at least two-thirds of the persons who make up the proposed class are citizens of the State of California.

8.     <u>Defendant's Citizenship.</u>   Defendant Sears is a citizen of New York and Illinois.  A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).  Sears is incorporated under the laws of the State of New York, and has its principal place of business in Hoffman Estates, Illinois, where it is headquartered.  Declaration of Deann M. Bogner in Support of Removal ("Bogner Decl.") ¶ 3, Ex.1.

9.     <u>Non-Existent Defendant "Sears Full Line Stores."</u>  A federal district court may disregard a party named in the state court complaint and retain federal jurisdiction if there is no possibility that the plaintiff will be able to establish a cause of action against it.  *See Good v. Prudential Insurance Company of America*, 5 F. Supp. 2d 804, 807 (N.D Cal. 1998) (finding removal proper where individual defendants were improper "sham" defendants); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (holding that to support removal "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory").  Here, named defendant "Sears Full Line Stores" should be disregarded for removal purposes because it does not exist.  *See* Bogner Decl. ¶ 4.  Nor has there ever been a legal entity called "Sears Full Line Stores" for the 4 years preceding the complaint.  *Id.* (declaring that a "Sears "Full Line Store" denotes an internal description of a ***type*** of store, not a separate legal entity).  Therefore, because there is no legal entity "Sears Full Line Stores" and thus, no possibility that plaintiff will be able to establish a cause of action against

/ / /

1  this non-existent entity, this "defendant" should be disregarded for removal

2  purposes.

3          10.    <u>Doe Defendants' Citizenship.</u>  The citizenship of fictitious

4  defendants is disregarded for purposes of establishing removal jurisdiction under

5  28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*,

6  886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

7          11.    <u>Size of Class.</u>  The Complaint defines the following proposed

8  class:

9          All current and former non-exempt hourly employees of Defendants in

10         the State of California who worked in Defendants' California retail

11         stores, and who have been employed by Defendants at any time during

12         the time period beginning four years preceding the filing of this Action

13         to the present (the "Class").

14  Complaint ¶ 20.  Sears asserts that there are more than 100 individuals who qualify

15  as potential class members during the four-year period alleged.  Sears presently

16  estimates that the number of current and former hourly, non-exempt employees

17  employed by Sears during the alleged class period is in excess of 10,000.

18  Declaration of Mary Holmes in Support of Removal ("Holmes Decl.") ¶ 3.

19                      **Amount in Controversy**

20         12.    The alleged amount in controversy in this class action exceeds,

21  in the aggregate, $5,000,000, exclusive of interest and costs.  Sears denies

22  Plaintiff's claims in their entirety and asserts that Plaintiff's claims are not

23  amenable to class treatment, but provides the following analysis of potential

24  damages (without admitting liability) in order to demonstrate that Plaintiff's

25  Complaint puts a sufficient amount "in controversy" to warrant removal under 28

26  U.S.C. § 1332(d).  The Complaint seeks payment of allegedly unpaid minimum

27  wages over a four-year period as well as damages for allegedly inaccurate wage

28  statements at the amounts set by Labor Code § 226(a), which sets forth maximum

damages of $4,000 per employee.  Complaint ¶¶ 26-29.  The Complaint also seeks payment of waiting time penalties under California Labor Code § 203, which provides that wages shall continue at their regular rate for a period of up to 30 days if all concededly due wages are not paid at the time of termination.  Complaint ¶¶ 30-35

13.     When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Where the complaint is silent, a defendant need only satisfy the amount in controversy by a preponderance of the evidence.  *Singer*, 116 F.3d at 376.  Thus, Sears in this case is only required to establish that it is more likely than not that the amount in controversy exceeds $5,000,000.  Statutory penalties may be considered by the Court when determining the amount in controversy.  *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).  The Court should also include requests for attorneys' fees in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

14.     The potential damages, penalties and restitution Plaintiff seeks in this action exceed $5,000,000, exclusive of interest and costs.  Sears's records show that it employed in excess of 10,000 employees within the proposed class (*i.e.*, current and former non-exempt hourly employees who worked in Sears' California retail stores) during the proposed class period.  Holmes Decl. ¶ 3.

15.     Plaintiff's second cause of action for failure to issue accurate itemized wage statements carries a maximum penalty of $4,000 per employee.  Sears employed more than 5,000 hourly, non-exempt employees in its California retail stores within the time period commencing one year before the filing of the Complaint in this action.  Holmes Decl. ¶ 4.  If these employees sought the maximum penalties provided by Labor Code § 226(a), the amount in controversy

on this claim alone would be more than $20,000,000 (5,000 employees x $4,000 per employee).

16.     Plaintiff was employed full-time by Defendant Sears from June 2002 to October 2012.  Her hourly rate of pay at the end of 2009 was $12.07. Holmes Decl. ¶ 5.  Her hourly rate of pay when her employment terminated in 2012 was $14.00.  *Id*.

17.     Plaintiff's third cause of action for late payment of final wages under California Labor Code § 203 alleges that class members who are no longer employed by the Sears were not paid all wages due upon termination.  Labor Code § 203 provides for 30 days' wages as a penalty for late final payment of owed wages.  There were in excess of 10,000 hourly, non-exempt employees employed by Sears in retail stores in California who terminated within the last three years (*i.e.*, since December 10, 2009).  Holmes Decl. ¶ 3.  Thirty days of wages for the Plaintiff would be $3,360.00 ($14.00 per hour * 8 hours per day * 30 days). Assuming (as Plaintiff alleges) that Plaintiff's Labor Code § 203 penalties are typical of those of the proposed class which numbers in excess of 10,000 former employees, the total amount in controversy on Plaintiff's fourth cause of action would be at least **$33,600,000**.  Even assuming a lower hourly rate for the proposed class of $12.07, the total amount in controversy on this claim would be at least **$28,968,000.**

18.     As the calculations above demonstrate, there is well over $5,000,000 in controversy in this action .  This amount is satisfied even without addressing Plaintiff's first cause of action for failure to pay minimum wages, Plaintiff's fourth cause of action for restitution under §17200, or the issue of potential attorneys' fees (which are provided for by statute and in the Ninth Circuit typically are 25% of any judgment in favor of the Plaintiff).  CAFA's amount-in-controversy requirement is easily satisfied.

/ / /

1    **No Bases for Rejecting or Declining Jurisdiction Exist**

2          19.    There are no bases for this Court to reject or decline jurisdiction

3    as set out in 28 U.S.C. § 1332(d).  Further, as set out above, no named defendant is

4    a citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are

5    inapplicable.

6                                    **VENUE**

7          20.    Venue lies in the Southern District of California pursuant to 28

8    U.S.C. §§ 1441(a), 1446(a), and 84(c)(2).  This action was originally brought in the

9    Superior Court of the State of California, County of San Diego, which is embraced

10   by the Southern District of California.

11                          **NOTICE OF REMOVAL**

12         21.    This Notice of Removal shall be served promptly on the

13   Plaintiff and filed with the Clerk of the Superior Court of the State of California in

14   and for the County of San Diego.

15         22.    In compliance with 28 U.S.C. § 1446(a), attached hereto as

16   **Exhibit A** are copies of Plaintiff's state-court papers served herein, including the

17   summons and Complaint.  Attached as **Exhibit B** is a true and correct copy of the

18   answer filed by Defendant in state court.

19            WHEREFORE, Sears prays that this civil action be removed from the

20   Superior Court of the State of California, County of San Diego to the United States

21   District Court of the Southern District of California.

22   Dated:  March 21, 2013                    JOSEPH C. LIBURT
                                               JINNIFER D. PITCHER
23                                             Orrick, Herrington & Sutcliffe LLP

24

25                                             By: s/Joseph C. Liburt
                                                  JOSEPH C. LIBURT
26                                             Attorneys for Defendant

27

28