COPY

FILED
EAST COUNTY DIVISION

2012 DEC 10 PM 3 05

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

FARZAD RASTEGAR, State Bar No. 155555
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel.: (310) 961-9600
Fax: (310) 961-9094

Attorneys for Plaintiff
FELIPA VALENCIA VELAZQUEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FELIPA VALENCIA VELAZQUEZ, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK AND CO., a New York Corporation; SEARS FULL LINE STORES, an unknown business entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 37-2012-00087442-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Minimum Wages**<br><br>2. **Failure to Provide Accurate Statements and Maintain Required Records**<br><br>3. **Failure to Pay All Wages Due to Discharged or Quitting Employees**<br><br>4. **Unlawful Business Practices**<br><br>**DEMAND FOR JURY TRIAL** |

1                                                              COMPLAINT

PLAINTIFF FELIPA VALENCIA VELAZQUEZ, individually, and on behalf of all other similarly situated current and former employees of DEFENDANTS SEARS, ROEBUCK AND CO. and SEARS FULL LINE STORES, and DOES 1 through 50 (collectively, "DEFENDANTS"), hereby alleges as follows:

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in the Superior Court of the State of California, County of San Diego, because DEFENDANTS' obligations and liability arise in the County of San Diego, because DEFENDANTS maintain offices and transact business in the County of San Diego, and because the work which is the subject of this action was performed by PLAINTIFF in the County of San Diego.

## PLAINTIFF

2. Plaintiff FELIPA VALENCIA VELAZQUEZ ("PLAINTIFF"), individually, and on behalf of all other similarly situated current and former employees of DEFENDANTS, brings this Class Action to recover, among other things, unpaid wages earned and due, penalties accruing thereon, as well as interest, attorneys' fees, costs and expenses, all incurred as a result of DEFENDANTS' illegal and unlawful timekeeping and payroll policies, including, the failure to pay minimum wage compensation, requiring employees to perform work "off-the-clock", and the failure to maintain and provide required records and itemized statements.

3. PLAINTIFF reserves the right to name additional class representatives.

4. The PLAINTIFF is a resident of San Diego County, California. At all relevant times herein, she has been employed by DEFENDANTS, as a non-exempt, hourly employee.

5. PLAINTIFF brings this action against DEFENDANTS on her own behalf and on behalf of all current and former non-exempt hourly employees of DEFENDANTS in the State of California who worked in DEFENDANTS' California retail stores, and who have been employed by DEFENDANTS at any time during the time period beginning four years preceding the filing of this Action to the present (the "Class").

## DEFENDANTS

6. At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that DEFENDANT SEARS, ROEBUCK AND CO., is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of New York. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT SEARS, ROEBUCK AND CO. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT SEARS, ROEBUCK AND CO. maintains offices and facilities and conducts business in the County of San Diego, California.

7. At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that DEFENDANT SEARS FULL LINE STORES, is, and at all times relevant hereto was, a business entity. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT SEARS FULL LINE STORES is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT SEARS FULL LINE STORES maintains offices and facilities and conducts business in the County of San Diego, California.

8. Upon information and belief, DEFENDANTS engaged in the same illegal timekeeping and payroll practices as DOES 1 through 50, through methods and schemes which include, but are not limited to, formulating, participating in and directing the illegal timekeeping and payroll practices and policies alleged herein; sharing computer servers, personnel, payroll systems and databases; giving and receiving advice on payroll and human resource issues as an ostensible or actual single entity; and/or acting as a joint enterprise, joint employer, alter ego, division, affiliate, subsidiary, parent, principal, related entity, co-conspirator, authorized agent, partner, joint venturer, and/or guarantor of each other and/or with each other.

9. All claims against DEFENDANTS are therefore also pled against DOES 1 through 50.

10. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF, who therefore sues said DOE Defendants by fictitious names.

PLAINTIFF will amend this Complaint to show their true names and capacities when they have been ascertained.

11. Upon information and belief, DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, guarantors, actual or ostensible of each other and DOES 1 through 50.

12. At all relevant times herein, in perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of their unlawful timekeeping and payroll policies and practices of not paying PLAINTIFF and the Class all wages earned and due and all wages due upon discharge or quitting, through methods and schemes including but not limited to, failing to properly record time worked by employees, requiring employees to perform work off-the-clock, failing to provide accurate itemized statements per pay period; and failing to properly maintain required records in violation of the California Labor Code and Industrial Welfare Commission Orders.

13. PLAINTIFF is informed and believes, and thereon alleges that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

14. At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that DEFENDANTS were joint employers of PLAINTIFF and the Class.

15. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and the Class have suffered and continue to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

///
///
///

## FACTS

16. PLAINTIFF was employed by DEFENDANTS at one of their retail stores located in El Cajon, California from approximately June 2002 to October 2012, as an hourly non-exempt employee. PLAINTIFF'S job duties included assisting customers, customer service, responding to telephone calls, attending meetings, and scheduling matters.

17. DEFENDANTS maintained a policy and practice of requiring PLAINTIFF and the Class to perform work "off-the-clock." Specifically, at the end of shifts, PLAINTIFF and the Class were regularly required to first clock out and then wait for and undergo loss prevention inspections ("bag check inspections") before they were permitted to exit DEFENDANTS' stores. These bag check inspections were performed by DEFENDANTS' loss prevention personnel or the store manager.

18. DEFENDANTS' bag check inspection policy was applied consistently to PLAINTIFF and the Class on a regular basis. The bag check inspections were a part of DEFENDANTS' loss prevention policy designed for the sole and exclusive benefit of DEFENDANTS. DEFENDANTS implemented the bag check inspections in order to ensure that their employees did not steal company merchandise from their stores. Therefore, these bag check inspections were a term and condition of employment with DEFENDANTS, and thus, waiting for and undergoing these bag check inspections constituted compensable work time for PLAINTIFF and the Class. DEFENDANTS, however, failed to pay PLAINTIFF and the Class for this work time that was required to be performed while "off-the-clock."

19. PLAINTIFF and the Class worked off-the-clock approximately 5 to 10 minutes for each bag check inspection.

## CLASS ACTION DESIGNATION

20. PLAINTIFF respectfully seeks class certification pursuant to California Code of Civil Procedure Section 382 of the following class of current and former employees of DEFENDANTS:

All current and former non-exempt hourly employees of DEFENDANTS in the State of California who worked in DEFENDANTS' California retail stores, and who have been employed by DEFENDANTS at any time during the time period beginning four years preceding the filing of this Action to the present (the "Class").

21. This action is appropriately suitable for class treatment because:

A. The Class is a significant number. Joinder of all current and former employees individually would be impractical.

B. This action involves common questions of law and fact to the Class because the action focuses on the DEFENDANTS' systematic course of illegal timekeeping and payroll practices and policies, which was applied to the Class in violation of the California Labor Code and Industrial Welfare Commission Orders and the California Business and Professions Code, which prohibits unfair business practices arising from such violations. The common questions of law and fact include, without limitation:

1. Whether DEFENDANTS violated the California Labor Code and Wage Orders by not compensating PLAINTIFF and the Class for all hours worked;

2. Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to compensate PLAINTIFF and the Class with minimum wages;

3. Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of earned wages, time worked, and work periods of PLAINTIFF and the Class; failing to provide accurate itemized wage statements of all hours worked and wages earned by PLAINTIFF and the Class, and failing to maintain other required records pertaining to PLAINTIFF and the Class;

4. Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to pay all earned wages due and owing to PLAINTIFF and the Class at the time of termination or quitting;

5. Whether DEFENDANTS violated section 17200 *et seq.* of the California Business and Professions Code by unlawfully requiring PLAINTIFF and the

Class to work without being paid an hourly wage, and converting same to DEFENDANTS' own use; by failing to pay all wages and compensation due and owing to PLAINTIFF and the Class upon termination or quitting; and by failing to keep accurate records of the time worked and wages earned by PLAINTIFF and the Class.

C. The claims of the PLAINTIFF are typical of the Class because DEFENDANTS subjected PLAINTIFF and all members of the Class to the identical violations of the California Labor Code, Wage Orders and California Business and Professions Code.

D. The PLAINTIFF is able to fairly and adequately protect the interests of all members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due to her for all services rendered and hours worked.

E. The names and addresses of the persons who are members of the Class are available and ascertainable from DEFENDANTS' records and are therefore known to DEFENDANTS. Notice can be provided to members of the Class by mail, or by using techniques and a form of notice similar to those customarily used in class actions under California law.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages

22. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 21.

23. Pursuant to California Labor Code §1194 and §1197, payment of less than the minimum wage fixed by the Industrial Welfare Commission is unlawful.

24. DEFENDANTS failed to pay PLAINTIFF and the Class minimum wages by failing to pay for all hours worked through requiring PLAINTIFF and the Class to perform work off-the-clock; by illegally and inaccurately recording time worked; by failing to properly maintain records of hours worked and wages earned; and by other methods to be discovered.

25. DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194, 1197 and IWC Order 7. As a proximate result of the aforementioned violations, PLAINTIFF and the Class have been damaged in an amount according to proof at trial.

Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders, PLAINTIFF and the Class are entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFF and the Class, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements and Maintain Required Records

26. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 25.

27. At all times relevant herein, DEFENDANTS failed to maintain records regarding, and failed to provide accurate itemized statements of, information required under California Labor Code §§ 226, 226.3, 1174 and 1174.5 and IWC Order 7-2001(7), with respect to PLAINTIFF and the Class, including but not limited to, information concerning all hours worked, all hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

28. DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFF and the Class with timely, itemized accurate statements pursuant to Labor Code § 226(a).

29. As a proximate result of the aforementioned violations, PLAINTIFF and the Class have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, all amounts provided by Labor Code § 226(e), attorneys' fees, and expenses and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged or Quitting Employees

30. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 29.

31. Pursuant to California Labor Code §§ 201, 202, and 203, upon their respective dates of discharge or quitting, DEFENDANTS were required to pay PLAINTIFF and the Class all earned wages.

32. Pursuant to California Labor Code § 202, DEFENDANTS were required to pay to PLAINTIFF and the Class all wages due to a quitting employee who did not

provide 72-hour notice no later than 72 hours after an employee quits his or her employment.

33. At the time of all respective termination and quitting dates of PLAINTIFF and the Class, PLAINTIFF and the Class had unpaid wages. In violation of Labor Code §§ 201, 202 and 203, DEFENDANTS failed to pay wages due and owing to PLAINTIFF and the Class, who are or were former employees, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

34. DEFENDANTS' failure to pay the respective wages due and owing to PLAINTIFF and the Class was willful, as DEFENDANTS were apprised of the wages due, but failed to pay such wages.

35. DEFENDANTS' willful failure to pay PLAINTIFF and the Class the wages due and owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which provides that an employee's wages will continue as a penalty for up to thirty (30) days from the time the wages were due. Therefore, PLAINTIFF and the Class are entitled to unpaid wages, interest, penalties, attorneys' fees, expenses and costs incurred in this action.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices

36. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 35.

37. By violating the foregoing statutes and regulations, DEFENDANTS' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

38. DEFENDANTS' violations of the aforementioned California wage and hour laws constitute a business practice because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFF and the Class.

39. For the four (4) years preceding the filing of this action, PLAINTIFF and the Class have suffered damages and request damages and/or restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court. Therefore, PLAINTIFF and the Class are each

entitled to unpaid wages, interest, penalties, attorneys' fees, expenses and costs incurred in this action.

Wherefore, PLAINTIFF prays for relief as follows:

1. For nominal damages;
2. For compensatory damages;
3. For restitution of all monies due to PLAINTIFF and the Class; and disgorged profits from the unlawful business practices of DEFENDANTS;
4. For all applicable penalties under the California Labor Code and IWC Orders and for violations alleged herein;
5. For liquidated damages pursuant to Labor Code § 1194.2;
6. For civil penalties according to proof;
7. For interest accrued to date;
8. For costs of suit and expenses;
9. For reasonable attorney's fees;
10. For injunctive relief;
11. For declaratory relief;
12. For all such other and further relief that the Court may deem just and proper.

Dated: December 4, 2012

Respectfully submitted,

RASTEGAR LAW GROUP, APC

By: /s/ Farzad Rastegar
Farzad Rastegar
Attorneys for Plaintiff
FELIPA VALENCIA VELAZQUEZ

# DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: December 4, 2012

Respectfully submitted,

RASTEGAR LAW GROUP, APC

By: /s/ Farzad Rastegar

Farzad Rastegar
Attorneys for Plaintiff
FELIPA VALENCIA VELAZQUEZ

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7075 |

PLAINTIFF(S) / PETITIONER(S): Felipa Valencia Velazquez

DEFENDANT(S) / RESPONDENT(S): Sears Roebuck And Co et.al.

VELAZQUEZ VS. SEARS ROEBUCK AND CO [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2012-00087442-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge: Richard E. L. Strauss                                              Department: C-75

**COMPLAINT/PETITION FILED:** 12/10/2012

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

## NOTICE OF ASSIGNMENT
## TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00087442-CU-OE-CTL   CASE TITLE: Velazquez vs. Sears Roebuck And Co [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Felipa Valencia Velazquez | |
| DEFENDANT(S): Sears Roebuck And Co et.al. | |
| SHORT TITLE: VELAZQUEZ VS. SEARS ROEBUCK AND CO [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2012-00087442-CU-OE-CTL |

Judge: Richard E. L. Strauss          Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

Name of Plaintiff                                        Name of Defendant

Signature                                                    Signature

Name of Plaintiff's Attorney                       Name of Defendant's Attorney

Signature                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 01/14/2013                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)         **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**         Page: 1

3

COPY

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** SEARS, ROEBUCK AND CO., a New
**(AVISO AL DEMANDADO):** York Corporation; SEARS FULL LINE
STORES, an unknown business entity; and DOES 1
through 50, inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Clerk of the Superior Court
DEC 10 2012

**YOU ARE BEING SUED BY PLAINTIFF:** FELIPA VALENCIA
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** VELAZQUEZ, an
individual, and on behalf of all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO SUPERIOR COURT
250 East Main Street
250 East Main Street
El Cajon, CA 92020

**CASE NUMBER:**
*(Número del Caso):*
37-2012-00087442-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FARZAD RASTEGAR (State Bar #155555)     (310)961-9600
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501

DATE: DEC 1 2 2012      Clerk, by J. Walters, Deputy
*(Fecha)*              *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: SEARS, ROEBUCK AND CO., A NEW YORK CORPORATION

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

 **CT Corporation**

**Service of Process Transmittal**
02/19/2013
CT Log Number 522156515

TO: Legal Intake B6-263B
Sears, Roebuck and Co.
3333 Beverly Road
Hoffman Estates, IL 60179-

RE: **Process Served in California**

FOR: Sears, Roebuck and Co. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Felipa Valencia Velazquez, etc. and on behalf of all others similarly situated, Pltf. vs. Sears, Roebuck and Co., etc., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Jury Demand, Notice(s), ADR Packets |
| COURT/AGENCY: | San Diego County - Superior Court - El Cajon, CA<br>Case # 37201200087442CUOECTL |
| NATURE OF ACTION: | Employee Litigation - Class Action - Failure to pay minimum wage, to provide accurate statements and maintain required records, and to pay all wages due to discharged or quitting employeess |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 02/19/2013 at 10:42 |
| JURISDICTION SERVED: | California |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Farzad Rastegar<br>Rastegar Law Group, APC<br>1010 Crenshaw Boulevard<br>Suite 100<br>Torrance, CA 90501<br>310-961-9600 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 02/19/2013, Expected Purge Date: 02/24/2013<br>Image SOP<br>Email Notification, Legal Intake B6-263B legalint@searshc.com |
| SIGNED:<br>PER:<br>ADDRESS:<br>TELEPHONE: | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / RB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.